Argued April 14, affirmed June 15, 1960

# LUCAS *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

353 P. 2d 223

*Lawrence Osterman* and *C. S. Emmons* argued the cause for appellant. On the briefs were Osterman & Williams, Salem, and Willis, Kyle & Emmons, Albany.

*Earl M. Preston,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky and Thos. C. Enright, Asst. Atty. Gens., all of Salem.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

O'CONNELL, J.

The plaintiff sustained an injury by accident which would have entitled him to recover under the Workmen's Compensation Law but for the fact that he was a relative-employee and no notice of this fact had been given to the defendant commission as required by ORS 656.130.[1]

ORS 656.130 provides in part as follows:

> *"656.130 Relatives of employer as workmen.* (1) No person who is a child, spouse or other relative of an individual employer, or a child, spouse or other relative of any member of a partnership, is entitled to the benefits of ORS 656.002 to 656.590 as a workman unless the employer has filed with the commission before the accidental injury a written application for the protection of such person as a workman."

The defendant commission rejected plaintiff's claim, whereupon he brought the present action praying that his claim be allowed and the case remanded to the commission. In its answer defendant alleged that plaintiff's employer had failed to give notice as required by ORS 656.130. Plaintiff interposed a demurrer to the answer on the ground that it failed to state facts sufficient to constitute a defense. The de-

---

[1] ORS 656.130 was repealed by Oregon Laws 1959, ch 448, § 14.

murrer was overruled. Plaintiff filed his reply and defendant moved for judgment on the pleadings, which was granted. Plaintiff appeals from that judgment.

■ Plaintiff's case is based solely upon the contention that ORS 656.130 is unconstitutional. The first ground of attack is that the statute contravenes the equal privileges and immunities section of the Oregon Constitution, Art I, § 20, in that the classification adopted is arbitrary and unreasonable. Undoubtedly the legislature felt that there was danger of collusion where employer and employee were related and the requirement of notice was intended to provide the commission with an opportunity to investigate the genuineness of the claim. The classification was, therefore, clearly reasonable.

■ Plaintiff next attacks the statute on the ground that the 1957 amendment (Oregon Laws 1957, ch 574) which created ORS 656.130, violated the Oregon Constitution, Art IV, § 20. Article IV, § 20 provides as follows:

> *"Subject and title of Act.* Every Act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be expressed in the title. [The following was added by the 1952 amendment]
>
> "This section shall not be construed to prevent the inclusion in an amendatory Act, under a proper title, of matters otherwise germane to the same general subject, although the title or titles of the original Act or Acts may not have been sufficiently broad to have permitted such matter to have been so included in such original Act or Acts, or any of them."

Plaintiff contends that "the original title [of the act] was departed from by the 1957 amendment."

The title of Oregon Laws 1957, ch 574, read as follows:

> *"Relating to the Workmen's Compensation Law; amending ORS 344.640, 656.052, 656.130, 656.230, 656.464, 656.472, 656.520 and 656.526; and declaring an emergency."* (Emphasis supplied to indicate section in controversy in this appeal.)

The 1952 amendment of Article IV, § 20, in effect, provides that an amendatory act is to be treated in the same manner as an original act would be treated in testing it for compliance with the constitutional provision, if the title is proper and the act deals with the same general subject. Oregon Laws 1957, ch 574, contains a proper title and the same general subject, viz., workmen's compensation is dealt with in the act. Therefore, it does not violate Article IV, § 20, Oregon Constitution. Plaintiff's appeal is without merit.

The judgment of the lower court is affirmed.